WILLIAM V. TURNER ET AL. *v.* JACKSON THOMAS.

1. EVIDENCE. *Lost record. Court of limited jurisdiction.*

In case of the loss or destruction of a record showing an exercise by . a board of supervisors of its special and limited jurisdiction to lease school land, the existence and contents of such record may be proved aliunde. *Williams* v. *Carmack,* 27 Miss., 220, cited.

2. DEEDS. *Tax titles.*

A tax deed made after the grantor had ceased to be tax collector is void.

FROM the circuit court of Quitman county.

HON. F. A. MONTGOMERY, Judge.

The appellants were plaintiffs, and the appellee defendant in the court below. The opinion states the case.

*M. E. Denton,* for appellants.

The recitals in the deed made by the president of the board of supervisors to Cooper and Jamison show that the law then in force in regard to the leasing of sixteenth sections was completely complied with. These recitals are *prima facie* evidence of the facts set forth, there being a distinction between cases of this sort and where property of private individuals has been sold. *Davany* v. *Koon,* 45 Miss., 71.

Even the list of lands sold to the state, introduced by plaintiffs in the court below, was *prima facie* evidence that the land had been previously leased so as to become liable to taxation. *Chamberlain* v. *Lawrence County,* 71 Miss., 949.

Appellant should have been allowed to prove the lost petition of heads of families by oral testimony even without establish-

ing it as usual with lost records. Greenleaf on Evidence (15th ed.), sec. 86, note *a* and sec. 509; 13 Am. & Eng. Enc. L., 1156.

The certificate of the clerk should have been admitted to show that said record was lost, etc. Code of 1892, § 1795.

*T. J. Williams* and *T. E. Williams,* for appellee.

Plaintiffs relied upon a lease for ninety-nine years of the land in controversy made by the board of supervisors.

The records of the board of supervisors do not show that in this case a majority of the heads of families residing in the township in which the land in controversy is located petitioned for a lease thereof for ninety-nine years. This makes the lease void. *Bolivar County* v. *Coleman,* 71 Miss., 832.

The tax deed under which appellants claim title to the land in controversy is void because the report of sale was made and sworn to by Jones at a time when he was not sheriff or tax collector of Quitman County. See list of lands sold to the state offered by appellants as evidence in the court below and the evidence of Jones.

TERRAL, J., delivered the opinion of the court.

W. V. Turner and others sued the defendant in ejectment for the E. $\frac{1}{2}$ of S. E. $\frac{1}{4}$ of sec. 16, T. 27, R. 2, west, in Quitman county. The plaintiffs read in evidence a conveyance of the tract by the president of the board of supervisors to J. A. Cooper and A. H. Jamison. The deed recited that a majority of the heads of families resident in the township, minors and females not excepted, had petitioned for the sale of the same; that appraisers had been appointed, and had made a report of their appraisement thereof, and that an order of the board of supervisors had authorized said president to convey the land to Cooper and Jamison. The deed recited the performance of the several requirements of the statute in respect to such sales, or, more properly speaking, leases. The appraisers' report was given in evidence; the order of the board directing

77 Miss—55

the lease of the land for ninety-nine years was also produced. The plaintiff also offered in evidence a list including this land as sold to the state of the 1st of October, 1894, for the delinquent taxes for 1893 by G. C. Jones, tax collector of Quitman county, but the certificate of said tax collector was made on the 19th day of February, 1896, more than one month after Jones went out of the office of tax collector, and more than sixteen months after the sale. He also gave in evidence a conveyance from the state on the 1st of October, 1894, for the delinquent taxes had been made, and filed among the records of the court a petition of a majority of the heads of families for the lease of said land, as required by the statute, and also proof that said petition had been lost, and a certificate of the clerk to the same effect. The court excluded all the evidence, and directed a verdict for the defendant.

The proceedings of a court of special and limited jurisdiction must appear regular, and all the jurisdictional facts must appear upon the face of the record. But if a part or the whole of a record be lost or destroyed, secondary evidence may be given of its existence and contents. A record proves itself when in existence, and can only be tried by itself; but if lost or destroyed, it is well settled that its existence may be proved aliunde. *Williams* v. *Cammack,* 27 Miss., 220.

The certificate of tax collector Jones to the list of lands sold to the state, made long after the sale, and more than forty days after the expiration of his term of office, was not an instrument authorized by law, and was properly excluded from the jury. At the date of the certificate Jones was *functus officio,* and, being out of office, he could by no act of his validate his previous official acts.

*The judgment must be affirmed.*